Filed 9/28/22  P. v. Sims CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br> v.<br><br>CHARLES SIMS,<br><br>  Defendant and Appellant. | F084135<br><br>(Super. Ct. No. CF95534847)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____

[*] Before Peña, Acting P. J., Smith, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

Charles Sims appeals from the trial court's March 4, 2022, denial of his petition for resentencing pursuant to Penal Code[1] section 1170.18.  This was an order after judgment affecting his substantial rights, and his appeal is authorized by section 1237, subdivision (b).

## STATEMENT OF THE CASE

On May 23, 1995, Sims was charged by information with commercial burglary (§ 459).  The information also alleged four prior strikes:  a 1975 robbery conviction (§ 211); a 1978 conviction for assault with intent to commit rape (§ 220); two 1983 convictions, one for robbery (§ 211) and one for sodomy by force (§ 286, subd. (c)); and four prior prison terms (§ 667.5, subd. (b).)  On August 29, 1995, following a court trial, Sims was found guilty of the burglary and the court found "all the priors as alleged to be true."  On April 1, 1998, Sims was sentenced to a three-strike sentence of 25 years to life. The court added two years for two prior prison terms (§ 667.5, subd. (b)).

On December 6, 2019, Sims filed a petition for resentencing pursuant to Proposition 47.  On December 11, 2019, the trial court characterized Sims's petition as pursuant to section 1170.18 and denied relief, stating that relief had previously been denied on May 21, 2018, because Sims was not eligible for relief.

On February 23, 2022, Sims filed a second petition for resentencing, this time citing sections 1170.18 and 1170.03.  On March 4, 2022, the trial court denied the petition.  The reason for denying the petition was that relief had been denied on December 11, 2019, for the reason that Sims was not eligible for relief.

On March 23, 2022, Sims filed a timely notice of appeal from the February 23, 2022, order denying his second petition for resentencing.

_____

[1] All statutory references are to the Penal Code.

**STATEMENT OF FACTS**

The facts of the offense are not set forth in the record, other than in the Fresno County Probation Officer's report. The report states that on April 20, 1995, a burglar alarm company reported to law enforcement there were sound of "metal being pried" inside of Peerless Pumps. When officers responded, they found Sims inside the building "carrying a long metal object." The exterior doors were locked, and a window facing a rear alleyway had been broken. A dumpster and pallet were below the window. Two vending machines inside the building had pry marks, and the cash drawer had been removed from one of them. Sims told officers he had entered the building through an open door and was sleeping there.

**APPELLATE COURT REVIEW**

Sims's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Sims was advised he could file his own brief with this court. By letter on July 18, 2022, we invited Sims to submit additional briefing.

In response to our invitation, Sims filed a supplemental appellant's opening brief on September 14, 2022, arguing his punishment is both constitutionally excessive and cruel and unusual.[2] It has been read and considered.

---

[2] At the conclusion of the August 29, 1995, court trial, "[t]he court [found] the defendant guilty as to count #1 and [found] all priors as alleged to be true." Count 1 of the May 23, 1995, information alleged, among others, the following priors: "Penal Code Section 220, Assault With Intent to Commit Rape, in Los Angeles County Superior Court, on or about March 3, 1978," and "Penal Code Section 286, [subdivision] (c), Sodomy by Force, in Los Angeles County Superior Court No. A380518 on or about April 22, 1983." These are registrable offenses under section 290, subdivision (c)(1), which requires registration by "[e]very person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of Section 187 committed in the perpetration, or an attempt to perpetrate, rape,

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Sims.

## DISPOSITION

The trial court's February 23, 2022, order denying Sims's petition for resentencing is affirmed.

---

or any act punishable under Section **286**, 287, 288, or 289 or former Section 288a, Section 207 or 209 committed with intent to violate Section 261, 286, 287, 288, or 289 or former Section 288a, Section **220**, except assault to commit mayhem …." (Emphasis added.) A person who is required to register as a sex offender under Penal Code Section 290, subdivision (c)(1) is not eligible for resentencing under Proposition 47. (§ 1170.18.)